USDC SDNY
DOCUMENT ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 9-17-18

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DRYWALL TAPERS AND POINTERS OF GREATER NEW YORK LOCAL UNION 1974, IUPAT, AFL-CIO,<br>                             Petitioner,<br>-against-<br>FALCON & SONS CORP.,<br>                             Respondent. | 17-cv-5773 (ALC)<br><br>**OPINION AND ORDER** |

**ANDREW L. CARTER, JR., United States District Judge:**

Petitioner Drywall Tapers and Pointers of Greater New York Local Union 1974, IUPAT, AFL-CIO ("the Union") has filed a motion for summary judgment to confirm an arbitration award (the "Award") issued under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Respondent Falcon Sons & Corp. ("Falcon") has not appeared in this action. Since the undisputed facts of this case establish that the Award must be confirmed, the Court grants Petitioner's motion.

## BACKGROUND

### I. Factual Background

Petitioner is a labor union within the meaning of Section 301 of the LMRA with offices in New York. Statement of Material Facts ¶ 1 (ECF No. 17) ("SMF"). Petitioner represents employees in an industry that affects commerce as defined in Section 501 of the LMRA and Section 3(4) of ERISA. *Id.* Falcon is a corporation organized under New York law with its principal place of business in Whitestone, New York. *Id.* ¶ 2.

1

Petitioner and Respondent are parties to a Trade Agreement ("Agreement") that covers certain employees. Complaint ¶ 9 (ECF No. 1) ("Compl"). Relevantly here, Article X, Section 1(a) of the Agreement provides that Respondent shall have a Job Steward appointed by the Union and the Job Steward shall be the first drywall Taper on the job after the first Journeyperson hired by the employer who shall not work alone covered by the Trade Agreement. *Id.* ¶ 10. Additionally, at all relevant times Respondent was bound by its Collective Bargaining Agreement ("CBA") with the Union. SMF ¶ 3. The CBA provides for the submission of disputes to final, binding decisions of the Union's Joint Trade Board ("JTB"). *Id.*

Petitioner contends that Respondent violated the Agreement by failing to remit wages and benefit fund contributions in accordance with the CBA for Union member Herbert Swazo for the day of April 12, 2017. *Id.* ¶ 4; *see* Declaration of John Drew ¶ 5 (ECF No. 16) ("Drew Decl"). Specifically, Petitioner alleges that Respondent laid off Swazo on April 12, 2017, contending that it would employ only one taper at the 5 Bryant Park, New York, NY 10th and 11th floor job location. Compl. Ex. A ("JTB Decision"). Respondent stated that it would call the Union if the job required additional tapers. *Id.* Yet Petitioner discovered that, on April 19, 2017, two Falcon employees were performing taping work. *Id.*

The Union subsequently filed a Demand for Arbitration with the JTB and submitted a Notice of Intention to Arbitrate to Falcon, pursuant to Article XIV of the CBA. SMF ¶ 5.

On May 8, 2017, the JTB held a hearing. *Id.* The JTB found that Respondent had violated the CBA by failing to pay wage and benefit contributions to Swazo, and accordingly directed Respondent to pay $505.77. *Id.* ¶¶ 5-7. A copy of the Award was delivered to Respondent following that hearing. *Id.* ¶ 8.

To date, Respondent has failed to comply with the terms of the Award. *Id.* ¶ 9. Respondent has not commenced an action seeking to vacate or modify the Award. *Id.* ¶ 10.

## II. Procedural Background

Petitioner filed the complaint commencing this action on July 31, 2017. ECF No. 1. Respondent's answer was due on September 26, 2017. ECF No. 6. Respondent did not answer by that date. On November 8, 2017, this Court issued an Order directing Respondent to answer or otherwise respond to the complaint by November 22, 2017. ECF No. 7. Again, Respondent did not answer or otherwise appear in this action. On November 22, 2017, Petitioner obtained a Clerk's Certificate of Default as to Respondent. ECF No. 11.

On January 26, 2018, this Court granted Petitioner's request to disregard its request for a default judgment and to instead file a motion for summary judgment. ECF No. 13. Petitioner submitted its motion for summary judgment on February 22, 2018. ECF Nos. 14-18. Respondent's opposition motion was due by March 9, 2018. *See* ECF No. 13. Respondent did not respond by that date.

Accordingly, on April 4, 2018 this Court ordered Respondent to show cause why Plaintiff's motion for summary judgment should not be considered fully briefed by April 11, 2018. ECF No. 20. The Court stated that, in the absence of any filing by that date, the motion would be considered fully briefed. To date, Respondent has not made any filing.

Accordingly, the Court considers this motion fully briefed.

## LEGAL STANDARD

"The LMRA establishes a federal policy of promoting 'industrial stabilization through the collective bargaining agreement,' with particular emphasis on private arbitration of grievances." *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820

F.3d 527, 536 (2d Cir. 2016) (quoting *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 578 (1960)). Judicial review of arbitration awards under the LMRA is "very limited." *Id.* (citation and internal quotation marks omitted).

Accordingly, "unless the award is procured through fraud or dishonesty, a reviewing court is bound by the arbitrator's factual findings, interpretation of the contract and suggested remedies." *Trustees of the N.Y. City Dist. Council of Carpenters Pension Fund v. High Performance Floors Inc.*, No. 15-cv-781, 2016 WL 3194370, at *2 (S.D.N.Y. June 6, 2016) (quoting *Int'l Bhd. of Elec. Workers v. Niagara Mohawk Power Corp.*, 196 F.3d 117, 124 (2d Cir. 1999)). The District Court is "not authorized to review the arbitrator's decision on the merits," but instead may only "inquire as to whether the arbitrator acted within the scope of his authority as defined by the collective bargaining agreement." *Nat'l Football League*, 820 F.3d at 536. In short, the District Court's "'task is simply to ensure that the arbitrator was 'even arguably construing or applying the contract and acting within the scope of his authority' and did not 'ignore the plain language of the contract.'" *Id.* (quoting *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 38 (1987)).

Confirmation of an arbitration award under section 301 of the LMRA is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the Court." *Trustees for Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund Training Program Fund v. Briscoe Sunrise Corp.*, No. 16-cv-7680, 2017 WL 1655240, at *4 (S.D.N.Y. May 2, 2017)) (citation and internal quotation marks omitted). When such a petition is unopposed, "courts should generally treat the 'petition and accompanying record . . . as akin to a motion for summary judgment." *Id.* (citation and internal quotation marks omitted). Accordingly, unopposed confirmation petitions, like unopposed summary judgment motions,

"must fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law." *Id.* (citation and internal quotation marks omitted).

## DISCUSSION

Here, the undisputed facts of this case make clear that the Court must confirm the Award. The CBA required Falcon to remit wages and benefit contributions. It further permitted the Union to pursue arbitration if Falcon failed to make these required contributions. Following Respondent's failure to remit those contributions to Swazo, Petitioner served a Notice of Intention to Arbitrate, dated April 20, 2017, and a hearing was held on May 8, 2017. On the bases of the CBA and the unopposed testimony of Petitioner, the JTB deliberated and found Respondent guilty of failing to pay wages to Swazo in violation of Article X, Section 1(a) of the Agreement. The JTB determined that Respondent owed $171.03 to Swazo in benefits and $334.74 in wages, for a total of $505.77.

The arbitrator construed and applied the CBA when it issued the Award. The LMRA thus requires the Court to confirm this Award.

## CONCLUSION

For the reasons set forth above, Petitioner's motion for summary judgment to confirm the Award is GRANTED. The Clerk of Court shall enter judgment for Petitioner, terminate all pending motions, and close this case.

**SO ORDERED.**

**Dated:** September 17, 2018

      New York, New York

HON. ANDREW L. CARTER, JR.
United States District Judge